547 F.2d 915
 Matilda HARRELSON, Individually and on behalf of all others
similarly situated, Appellee,
v.
Earl BUTZ, Secretary of United States Department of
Agriculture and William L. Lukhard, Commissioner
of the Virginia Department of Welfare,
Appellants.
Matilda HARRELSON, Individually and on behalf of all others
similarly situated, Appellee,
v.
William L. LUKHARD, Commissioner of the Virginia Department
of Welfare, Appellant,
and
Earl Butz, Secretary of United States Department of
Agriculture, Defendant.
Matilda HARRELSON, Individually and on behalf of all others
similarly situated, Appellant,
v.
Earl BUTZ, Secretary of the Department of Agriculture, and
William L. Lukhard, Commissioner of the Virginia
Department of Welfare, Appellees.
 Nos. 76-2165 to 76-2167.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 13, 1977.
Decided April 8, 1977.
 
 Michael Hertz, Atty., Appellate Section, Civ.Div., Dept. of Justice, Washington, D.C. (Rex E. Lee, Asst. Atty. Gen., William B. Cummings, U.S. Atty., Alexandria, Va., and William Kanter, Atty. Appellate Section, Civ. Div., Dept. of Justice, Washington, D.C., on brief), for appellants.
 Gerald B. Lutkenhaus, Neighborhood Legal Aid Society, Inc., Richmond, Va., for appellees.
 Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and WYZANSKI, Senior District Judge.*
 FIELD, Senior Circuit Judge:
 
 
 1
 The plaintiffs filed this class action challenging certain regulations promulgated by the Secretary of Agriculture and the Commonwealth of Virginia pursuant to the Food Stamp Act of 1964, 78 Stat. 703, et seq., as amended, 7 U.S.C. Sec. 2011, et seq. Specifically, the challenge of the plaintiffs is directed at 7 C.F.R. Secs. 271.3(c)(1)(i)(j) and 271.3(c)(1)(iii)(f) which provide, inter alia, that scholarships and educational grants shall be included within monthly net income for the purposes of determining food stamp eligibility without allowing a deduction from such income for actual incidental expenses incurred.[1] The district court held that both the federal and state regulations were in conflict with the Food Stamp Act, and that the state regulations violated the Supremacy Clause while the federal regulations were violative of the Fifth Amendment. The order of the district court permanently enjoined both the state and federal defendants from "tak[ing] into account, for the purposes of determining food stamp eligibility or the food stamp monthly net income, funds which are received as scholarships, educational grants, fellowships and veteran's benefits, without deducting from said funds the expenses necessitated by and used solely for purposes related to attendance or continued attendance at an educational institution." The district court denied the plaintiffs' prayer for retroactive relief and all parties have appealed.
 
 
 2
 During the pendency of these appeals and prior to oral argument the Supreme Court handed down its decision in Knebel v. Hein, --- U.S. ---, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977), in which it held that the Secretary's regulations which included funds received as a training allowance within income without allowing a deduction for incidental expenses violated neither the Food Stamp Act nor any provision of the federal constitution. We requested that counsel file supplemental briefs addressed to the effect of the Court's decision in Knebel on these appeals.
 
 
 3
 In their supplemental brief the plaintiffs have conceded that Knebel has removed the underpinnings from the district court's decision in this case. They suggest, however, that there is an alternative ground for affirmance. They contend that since the regulations allow trainees and employees a percentage deduction for their incidental expenses,[2] the failure to allow such a deduction to students receiving educational benefits conflicts with the Food Stamp Act and denies the plaintiffs their constitutional right of equal protection. We find no merit in the plaintiffs' argument. The Secretary has broad administrative discretion in promulgating the regulations and is entitled to make classifications. The classifications selected by him need not be perfect nor have absolute precision. they need only have a reasonable basis. See Mathews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); Weinberger v. Salfi, 422 U.S. 749, 773-74, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).
 
 
 4
 Since the challenged regulations are consistent with the Food Stamp Act and violate no constitutional rights of the plaintiffs, we reverse the order of the district court and remand with directions that judgment be entered in favor of the defendants.
 
 
 5
 REVERSED.
 
 
 
 *
 Charles E. Wyzanski, Jr. District of Massachusetts. Sitting by Designation
 
 
 [1]
 See also Virginia Department of Welfare Food Stamp Handbook, Secs. 310.2(h), 310.4(e)
 
 
 [2]
 7 C.F.R. Secs. 271.3(c)(1)(iii)(a)